## THE ·ATLEE.*

### (District Court, E. D. Pennsylvania. April 3, 1882.)

ADMIRALTY—NEGLIGENCE—USING DOCK IN WHICH ANOTHER VESSEL IS SUNK—DELAY IN REMOVING SUNKEN VESSEL.

A loaded lighter was sunk in a dock. Although 48 hours would have sufficed to remove her, she was allowed to remain for six days, during which two vessels successively entered and used the dock. Upon the lighter being raised it was found that she had been injured by one of the vessels, and a libel was thereupon filed against the second vessel. *Held*, that the libellant's delay, coupled with the fact that another vessel had previously occupied the dock, rendered ascertainment of the injury inflicted by the second vessel impracticable, and the libel should therefore be dismissed.

*Semble*, that, after a reasonable time for the removal of the lighter had elapsed, she might have been treated as a nuisance.

Libel by the owner of a lighter against the bark Atlee for damages on account of injuries alleged to have been inflicted on the lighter by the bark. It appeared that on February 18, 1881, the lighter, loaded with coal, sunk in a dock at Philadelphia. On February 24, 1881, the Atlee entered the dock. After she had entered, her captain was told by libellant that there was a lighter sunk in the dock; but on applying to the superintendent of the dock he was told that he would not injure the lighter, and that libellant had failed to remove the lighter, although ample time had been given him. When the lighter was raised she was found to be injured, but the extent of these injuries was in dispute. It appeared that she could have been raised in 48 hours and that another vessel of deeper draught than the Atlee had, subsequent to the sinking and prior to the arrival of the Atlee, occupied the dock during two tides. The libellant testified that immediately after the sinking he gave an order to parties to raise the lighter, but that they had neglected to do it.

*George P. Rich,* for libellant.

*Curtis Tilton* and *Henry Flanders,* for respondents.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

BUTLER, D. J. The libellant cannot recover. His sunken barge obstructed the channel. It was his duty therefore to remove it speedily. After sufficient time for this had elapsed, I incline to believe the vessel might have been treated as a nuisance. I think the authorities cited in respondent's statement of law support this view. It is not necessary, however, to decide the point. The delay, coupled with the fact that another vessel, the Havana, had in the mean time rested upon the barge, and as probably did mischief as the Atlee, has rendered ascertainment of the injury inflicted by the latter impracticable. This situation having resulted from libellant's negligence he must bear the consequences. Respondent must not be subjected to the danger of guessing, thus rendered necessary. That there was very great delay in removing the barge is not open to doubt. She could have been raised in 24 hours; and yet it was on the sixth day after she sank that the Atlee entered the dock. The failure of those whom libellant employed does not excuse him. It It is not doubted that he could have had the work done within 48 hours, if he had displayed the energy and vigilance which his duty required. That the Havana rested upon the barge in advance of the Atlee, can only be questioned by imputing perjury to a witness, who appears to be disinterested and is uncontradicted.

A decree must be entered dismissing the libel, with costs.